UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WYNDHAM VACATION RESORTS, INC., et al.,<br><br>        Plaintiffs,<br><br>     v.<br><br>MICHELLE GARCIA,<br><br>        Defendant. | Case No. 15-cv-01540-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 15 |

This order GRANTS IN PART and DENIES IN PART plaintiffs Wyndham Vacation Resorts, Inc., Wyndham Vacation Ownership, Inc., and Wyndham Worldwide Corporation's motion to compel arbitration. The motion has a complicated procedural history and a simple resolution, governed largely by the reasoning in two orders I issued in the related case, *Crook v. Wyndham Vacation Ownership, Inc.*, No. 13-cv-03669-WHO (N.D. Cal filed Aug. 7, 2013).

The procedural history is as follows: On November 16, 2012, Thomas and Donna Crook filed a putative class action in state court against Wyndham Vacation Resorts, Inc. and Wyndham Worldwide Corporation[1] alleging a number of state law causes of action, including elder financial abuse, intentional misrepresentation, and violations of California's Unfair Competition Law and Consumer Legal Remedies Act. *Crook*, No. 13-cv-03669-WHO, Dkt. No. 1. Wyndham removed the case to federal court and moved to compel arbitration pursuant to the dispute resolution clause in the parties' most recent timeshare agreement. *Id.* at Dkt. Nos. 1, 15. I granted the motion on November 4, 2013 and issued an amended order on November 8, 2013. *Id.* at Dkt. Nos. 26, 27 ("Order Compelling Arbitration").

When the Crooks filed their arbitration demand with the American Arbitration Association ("AAA"), they requested that the arbitration include class relief. *Id.* at Dkt. Nos. 47-1, 47-2.

---

[1] The Crooks incorrectly sued Wyndham Vacation Resorts, Inc. as "Wyndham Vacation Ownership, Inc." and Wyndham Worldwide Corporation as "Wyndham Worldwide." *See Crook*, No. 13-cv-03669-WHO, Dkt. Nos. 15 at 3, 27 at 1 n.1, 55 at 1 n.1. As stated above, the Wyndham entities in this case are Wyndham Vacation Resorts, Inc., Wyndham Vacation Ownership, Inc., and Wyndham Worldwide Corporation. For ease of reference, I use "Wyndham" in this Order to refer to all Wyndham entities.

United States District Court<br>Northern District of California

Wyndham refused to consent to class treatment and filed a motion for clarification seeking an order compelling arbitration of the Crooks' claims and declaring that class arbitration was not available under the parties' arbitration agreement. *Id.* at Dkt. No. 47. On July 20, 2015, I denied the motion on the ground that the parties had agreed to submit the question of the availability of class arbitration to the arbitrator, meaning that it was for the arbitrator, not me, to decide that question. *Id.* at Dkt. No. 55 ("Order Denying Motion for Clarification").

Plaintiff in this case, Michelle Garcia, also entered a timeshare agreement with Wyndham. *See, e.g.,* Compl. ¶ 10 (Dkt. No. 1). The dispute resolution clause in her timeshare agreement is identical to the dispute resolution clause in the Crooks' timeshare agreement. *Compare Crook*, No. 13-cv-03668-WHO, Dkt. No. 15-1 *with Garcia*, No. 15-cv-01540, Dkt. No. 1-1. She and the Crooks are both represented by the Figari Law Firm.

In or around February 2015, Garcia filed an arbitration demand with the AAA asserting claims on behalf of herself and on behalf of a national class and California subclass of timeshare purchasers whose years were "improperly and illegally changed by [Wyndham]." Compl. ¶ 12; Dkt. No. 1-2 ¶ 14. Wyndham responded by filing this action. It seeks declaratory relief that Garcia is "precluded by law from pursuing her claims in arbitration on behalf of any purported class," as well as an injunction prohibiting Garcia from pursuing her class claims in arbitration. Compl. ¶¶ 3-4.

Garcia filed an answer and cross-complaint on May 5, 2015. Dkt. Nos. 12, 14. Her cross-complaint asserts the same individual claims, class claims, and class definition as her AAA arbitration demand. *Compare* Dkt. No. 12 *with* Dkt. No. 1-2. Wyndham filed the instant motion on May 26, 2015. Dkt. No. 15. Wyndham seeks an order (1) compelling Garcia to arbitrate her individual claims and (2) precluding her from pursuing her class claims in arbitration. *Id.*

The case was transferred to me on August 11, 2015. Dkt. No. 24. On August 14, 2015, I held a telephone conference with the parties to discuss whether the Order Compelling Arbitration and Order Denying Motion for Clarification in *Crook* apply equally to the circumstances of this case and effectively decide Wyndham's motion to compel arbitration. Dkt. No. 25. I gave the parties leave to submit supplemental briefs on the issue, which they did. Dkt. Nos. 26, 27.

United States District Court
Northern District of California

2

Having considered those briefs, other relevant materials, and the parties' arguments at the hearing on September 23, 2015, I find that the *Crook* orders do apply equally here, and that they do effectively decide Wyndham's motion.  There is no dispute that the facts in this case are materially identical to those in *Crook* insofar as Wyndham's motion is concerned.  Wyndham's only argument for distinguishing *Crook* is that Garcia did not argue that the parties delegated the availability of class arbitration to the arbitrator in her opposition to Wyndham's motion – Garcia did not raise the issue until she filed her supplemental brief.  That is accurate, but it does not persuade me that the reasoning in the *Crook* orders is inapplicable here.  Now that the issue is squarely before her, Garcia plainly argues that the *Crook* orders – or at least the Order Denying Motion for Clarification – are applicable to this case.  *See* Dkt. No. 26.  Moreover, Garcia filed her opposition to Wyndham's motion to compel arbitration on June 9, 2015, more than a week before I requested supplemental briefing on the delegation issue in *Crook*, and more than a month before I issued the Order Denying Motion for Clarification.

Accordingly, for the reasons stated in the Order Compelling Arbitration, Wyndham's motion to compel arbitration is GRANTED to the extent that it seeks to compel Garcia to arbitrate the claims asserted in her cross-complaint.[2]  And, for the reasons stated in the Order Denying

---

[2] Garcia's request for a jury trial pursuant to 9 U.S.C. § 4 "on the issue of whether an agreement to arbitrate exists," Dkt. No. 17 at 3, is DENIED.  Contrary to Garcia's briefing, "[i]t is not true that by merely demanding a jury trial a party to an arbitration agreement can get one." *Saturday Evening Post Co. v. Rumbleseat Press Inc.*, 816 F.2d 1191, 1196 (7th Cir. 1987); *see also Dillard v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 961 F.2d 1148, 1154 (5th Cir. 1992) ("A party to an arbitration agreement cannot obtain a jury trial merely by demanding one.").  Courts have read 9 U.S.C. § 4 to require a jury trial "only if there is a triable issue concerning the existence or scope of the agreement." *Saturday Evening*, 816 F.2d at 1196; *see also Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002) ("The party opposing arbitration must identify a triable issue of fact concerning the existence of the agreement in order to obtain a trial on the merits of the contract."); *Doctor's Associates, Inc. v. Distajo*, 107 F.3d 126, 129-30 (2d Cir. 1997) ("As when opposing a motion for summary judgment under Fed. R. Civ. P. 56, the party requesting a jury trial [under 9 U.S.C. § 4] must submit evidentiary facts showing that there is a dispute of fact to be tried.").  The party resisting arbitration has the burden of showing that it is entitled to a jury trial. *Doctor's Associates*, 107 F.3d at 129-30.  Garcia does not come close to satisfying this burden.  The record in this case is rife with uncontradicted evidence that she entered an arbitration agreement with Wyndham, including (1) that she filed an AAA arbitration demand on the basis of that agreement, Dkt. No. 1-2 at 2-26; and (2) that she admitted in her answer to Wyndham's complaint that she agreed to arbitrate any dispute between these parties. *See* Compl. ¶ 9; Dkt. No. 14 ¶ 9 ("Answer of Defendant Michelle Garcia").  In light of these and other filings in this case, Garcia's contention that there is "a factual dispute as to whether an agreement to arbitrate even exists between the parties," Dkt. No. 17 at 1, is puzzling at best and sanctionable at worst.  No jury trial is warranted.

Motion for Clarification, the motion is DENIED to the extent that it seeks an order precluding Garcia from pursuing in arbitration the class claims asserted in her cross-complaint.[3]  As in *Crook*, it will be up to the arbitrator to decide whether class arbitration is available under the parties' arbitration agreement.

This case is STAYED pending arbitration.  The parties shall submit a joint case management statement 180 days from the date of this order, and every 180 days thereafter, apprising the Court of the status of their arbitration.[4]

**IT IS SO ORDERED**.

Dated: September 24, 2015



WILLIAM H. ORRICK
United States District Judge

<div style="text-align: left; writing-mode: vertical-rl;">United States District Court<br>Northern District of California</div>

---

[3] Because I find that the reasoning in the *Crook* orders applies equally to the circumstances of this case and effectively governs the outcome of Wyndham's motion, I do not address Garcia's argument that Wyndham is collaterally estopped from relitigating the delegation issue.  *See* Dkt. No. 26 at 3-4.

[4] Wyndham's request for certification under 28 U.S.C. § 1292(b) is DENIED.