UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WYNDHAM VACATION RESORTS, INC., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MICHELLE GARCIA,<br><br>        Defendant. | Case No. 15-cv-01540-WHO<br><br>**ORDER DENYING MOTION TO VACATE CLAUSE CONSTRUCTION AWARD**<br><br>Re: Dkt. No. 33 |

## INTRODUCTION

Plaintiff Michelle Garcia moves under 9 U.S.C § 10(a)(4) to vacate an arbitrator's decision finding that class arbitration is not available under her arbitration agreement with defendants Wyndham Vacation Resorts, Inc., Wyndham Vacation Ownership, Inc., and Wyndham Worldwide, Corp. (collectively, "Wyndham"). Because Garcia has not established that the arbitrator "exceeded [his] powers," 9 U.S.C. § 10(a)(4), the motion is DENIED.

## BACKGROUND

The relevant background here involves both this case and the related case, *Crook v. Wyndham Vacation Ownership, Inc.*, No. 13-cv-03669-WHO (N.D. Cal filed Aug. 7, 2013).

On November 16, 2012, Thomas and Donna Crook filed a putative class action in state court against Wyndham Vacation Resorts, Inc. and Wyndham Worldwide Corporation[1] alleging a number of state law causes of action, including elder financial abuse, intentional misrepresentation, and violations of California's Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA"). *Crook*, No. 13-cv-03669, Dkt. No. 1. Wyndham removed the case to federal court under the Class Action Fairness Act ("CAFA") and moved to compel arbitration pursuant to the dispute resolution clause in the parties' most recent timeshare

---

[1] The Crooks incorrectly sued Wyndham Vacation Resorts, Inc. as "Wyndham Vacation Ownership, Inc." and Wyndham Worldwide Corporation as "Wyndham Worldwide." *See Crook*, No. 13-cv-03669, Dkt. No. 1 at 12 of 76; *id.* at Dkt. No. 15 at 3; *id.* at Dkt. No. 27 at 1 n.1; *id.* at Dkt. No. 55 at 1 n.1. As stated above, the Wyndham entities in this case are Wyndham Vacation Resorts, Inc., Wyndham Vacation Ownership, Inc., and Wyndham Worldwide Corporation. For ease of reference, I use "Wyndham" in this Order to refer to all Wyndham entities.

agreement. *Id.* at Dkt. Nos. 1, 15. I granted the motion on November 4, 2013 and issued an amended order on November 8, 2013. *Id.* at Dkt. Nos. 26, 27 ("Order Compelling Arbitration").

When the Crooks filed their arbitration demand with the American Arbitration Association ("AAA"), they requested that the arbitration include class relief. *Id.* at Dkt. Nos. 47-1, 47-2. Wyndham refused to consent to class treatment and filed a motion for clarification in this Court seeking an order compelling arbitration of the Crooks' claims and declaring that class arbitration was not available under the parties' arbitration agreement. *Id.* at Dkt. No. 47. I denied the motion on the ground that the parties had agreed to submit the question of the availability of class arbitration to the arbitrator, meaning that it was for the arbitrator, not me, to decide that issue. *Id.* at Dkt. No. 55 ("Order Denying Motion for Clarification").

Garcia also entered a timeshare agreement with Wyndham. *See, e.g.,* Compl. ¶ 10 (Dkt. No. 1). The dispute resolution clause in her timeshare agreement is identical to the dispute resolution clause in the Crooks' timeshare agreement. *Compare Garcia*, No. 15-cv-01540, Dkt. No. 1-1 at 4 of 8, *with Crook*, No. 13-cv-03669, Dkt. No. 15-1 at 10 of 40. She and the Crooks are both represented by the Figari Law Firm.[2]

In or around February 2015, Garcia filed an arbitration demand with the AAA asserting claims on behalf of herself and a national class and California subclass of timeshare purchasers whose "use years" were "improperly and illegally changed by [Wyndham]." Compl. ¶ 12; Consumer Class Action Demand for Arbitration ¶ 14 (Dkt. No. 1-2). Wyndham responded by filing this action, seeking declaratory relief that Garcia is "precluded by law from pursuing her claims in arbitration on behalf of any purported class" and an injunction prohibiting Garcia from pursuing her class claims in arbitration. Compl. ¶¶ 3-4. Garcia filed an answer and "cross-complaint" on May 5, 2015. Dkt. Nos. 12, 14. In her "cross-complaint," she asserted the same individual claims, class claims, and class definitions as in her AAA arbitration demand. *Compare* Dkt. No. 12 *with* Consumer Class Action Demand for Arbitration. On May 26, 2015, Wyndham filed a motion to compel arbitration. Dkt. No. 15. The motion sought an order (1) compelling

---

[2] *Crook* was dismissed with prejudice on April 12, 2016 pursuant to stipulation by the parties. *Crook*, No. 13-cv-03669, Dkt. No. 60.

Garcia to arbitrate her individual claims and (2) precluding her from pursuing her class claims in arbitration. *Id.*

The case was transferred to me on August 11, 2015. Dkt. No. 24. On August 14, 2015, I held a telephone conference with the parties to discuss whether the reasoning in the Order Compelling Arbitration and Order Denying Motion for Clarification in *Crook* applied equally to the circumstances of this case and effectively decided Wyndham's motion to compel arbitration. Dkt. No. 25. I gave the parties leave to submit supplemental briefs on the issue, which they did. Dkt. Nos. 26, 27. On September 24, 2016, I issued an order granting Wyndham's motion to compel arbitration to the extent that it sought it to compel Garcia to arbitrate the claims asserted in her cross-complaint, but denying the motion to the extent that it sought to preclude Garcia from pursuing in arbitration her class claims. Dkt. No. 31 ("Prior Order"). I held that, "as in *Crook*, it will be up to the arbitrator to decide whether class arbitration is available under the parties' arbitration agreement." Prior Order at 4.

The parties proceeded to arbitration. On June 10, 2016, following extensive briefing and oral argument, the Arbitrator issued a 20-page "Reasoned Partial Award on the Construction of the Arbitration Clause" finding that "this arbitration may not proceed as an arbitration on behalf of the class identified in [Garcia's] demand for arbitration." Figari Decl. Ex. 9 at 19-20 (Dkt. No. 33-1) ("Clause Construction Award").

Garcia filed the instant motion on July 13, 2016. Dkt. No. 33 ("Mot."). She asks that I vacate the Clause Construction Award and issue an order "permitting her [UCL] claims to proceed on a representative basis in arbitration [and] permitting the balance of [her] claims to proceed on a classwide basis in arbitration." Mot. at 1, 16. Wyndham opposes the motion. Dkt. No. 37 ("Oppo.").

**LEGAL STANDARD**

The Federal Arbitration Act ("FAA") allows a court to vacate an arbitration award on four enumerated grounds:

> (1) where the award was procured by corruption, fraud, or undue means;

>       (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
>       (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
>       (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). These limited, exclusive grounds for vacating an arbitration award "are designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010) (internal quotation marks omitted). The burden is on the party seeking to vacate the arbitration award to establish that one of these grounds justifies vacating it. *Id.*

## DISCUSSION

Garcia contends that the Arbitrator "exceeded [his] powers." 9 U.S.C. § 10(a)(4).[3] An arbitrator exceeds his powers within the meaning of section 10(a)(4) "not when [he] merely interpret[s] or appl[ies] the governing law incorrectly, but when the award is completely irrational or exhibits a manifest disregard of law." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (internal quotation marks omitted).

"An award is completely irrational only where [it] fails to draw its essence from the agreement." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 642 (9th Cir. 2010) (internal quotation marks omitted). "An arbitration award draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions." *Id.* "Under this standard of review, [the court] do[es] not decide the rightness or wrongness of the [arbitrator's] contract interpretation, only whether [his] decision 'draws its essence' from the contract." *Bosack v. Soward*, 586 F.3d 1096, 1106 (9th Cir. 2009); *see also Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068 (2013) ("It is not enough to show that the arbitrator committed an error – or even a

---

[3] Garcia does not dispute that none of the first three grounds set out in section 10(a) applies here. *See, e.g.,* Reply at 2-3 (Dkt. No. 39).

serious error. Because the parties bargained for the arbitrator's construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand.") (internal quotation marks, citations, and alterations omitted).

To show that an arbitration award exhibits a manifest disregard of the law, a party must show "something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law. It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879-80 (9th Cir. 2007) (internal quotation marks omitted). "Moreover, . . . the governing law alleged to have been ignored . . . must be well defined, explicit, and clearly applicable." *Id.* (internal quotation marks and emphasis omitted); *accord Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1116-17 (9th Cir. 2012).

Garcia has not shown that the Clause Construction Award is completely irrational or that it exhibits a manifest disregard of the law. The Arbitrator begins his analysis in the Clause Construction Award by examining in detail the language of the parties' arbitration agreement and finding that it does not "reveal any expectation of the parties . . . that class action arbitration was an option being given to [Garcia]." Clause Construction Award at 15. Garcia offers no explanation of how the Arbitrator's analysis fails to qualify as "arguably construing or applying the contract." *Oxford*, 133 S. Ct. at 2068. Indeed, she identifies nothing about the language of the arbitration agreement that supports her view that it authorizes class arbitration, except to repeatedly emphasize that it does not include an explicit waiver of class arbitration. *See, e.g.,* Mot. at 1, 4, 5, 6, 7, 11, 16. That argument runs squarely into the Supreme Court's holding in *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010), that "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." *Id.* at 684 (emphasis omitted); *see also Reed Elsevier, Inc. ex rel. LexisNexis Div. v. Crockett*, 734 F.3d 594, 600 (6th Cir. 2013). The Arbitrator did not act irrationally, or in manifest disregard of the law, in rejecting this same argument in the Clause Construction Award. *See* Clause Construction Award at 15 (finding that Garcia's reliance on the

absence of a class arbitration waiver is "specifically at odds with . . . *Stolt-Nielsen*").[4]

Garcia's other arguments for vacating the Clause Construction Award are based on (1) Wyndham's removal of *Crook* under CAFA, which Garcia contends should now result in judicial estoppel precluding Wyndham from disputing the availability of class arbitration in this case, Mot. at 14-15; and (2) her UCL claims, which she contends "must be permitted to proceed on a representative basis in arbitration," *id.* at 9-11. Garcia also made these arguments to the Arbitrator, who rejected them as unsupported by any authority cited by Garcia and insufficient to justify class arbitration in the absence of any contractual basis for class treatment. Clause Construction Award at 16-19.

In her motion to vacate, Garcia again fails to present any convincing authority to support either of these arguments. The doctrine of judicial estoppel "is not reducible to an exhaustive formula" but generally bars a party from asserting a certain position where "(1) the party's current position is clearly inconsistent with its earlier position, (2) the party was successful in persuading a court to accept its earlier position, and (3) the party would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Williams v. Boeing Co.*, 517 F.3d 1120, 1134 (9th Cir. 2008) (internal quotation marks omitted). Garcia cites no case to support her contention that the removal of *Crook* under CAFA should result in judicial estoppel here.[5] *Cf. Morvant v. P.F. Chang's China Bistro, Inc.*, 870 F. Supp. 2d 831, 846 (N.D. Cal. 2012) (rejecting argument that defendant's removal of the case under CAFA resulted in waiver of defendant's right to compel arbitration; noting that invoking CAFA jurisdiction "does not serve as an admission of [the] allegations [in the complaint]").

With respect to her UCL claims, Garcia relies on cases recognizing that the public policy

---

[4] Garcia also argues that because the AAA Commercial Rules (which are incorporated into the parties' arbitration agreement) reference "large, complex commercial disputes" involving claims of $500,000 or more, the parties effectively agreed to class arbitration by agreeing to arbitrate under the AAA Commercial Rules. Mot. at 15-16. The Arbitrator did not act irrationally, or in manifest disregard of the law, in rejecting this argument either. *See* Clause Construction Award at 17-18.

[5] The basis for subject matter jurisdiction in this case is diversity jurisdiction under 28 U.S.C. § 1332(a), not CAFA. *See* Compl. ¶ 7.

6

of California prohibits pre-dispute arbitration agreements that require signatories to waive the right to bring a representative action under the Private Attorneys General Act ("PAGA").  *See* Mot. at 9-11 (citing, e.g., *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.4th 348, 382-84 (2014); *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 430-31 (9th Cir. 2015); *Hernandez v. DMSI Staffing, LLC.*, 79 F. Supp. 3d 1054, 1061-62 (N.D. Cal. 2015)); *see also* Reply at 1-6.[6]  Garcia cites no case that has held the same with respect to UCL claims, and I am not aware of any.  Meanwhile, the cases the parties do cite weigh against Garcia's position.  In *Arias v. Superior Court*, 46 Cal.4th 969 (2009), the California Supreme Court distinguished between representative PAGA actions versus representative UCL actions, holding that while the former did not have to comply with class action certification requirements, the latter still did.  *Id.* at 975-76, 988.  And in *Iskanian v. CLS Transp. Los Angeles, LLC*, where the California Supreme Court held that the plaintiff's right to bring a representative PAGA action could not be barred by the terms of the parties' pre-dispute arbitration agreement, it simultaneously held that the plaintiff's UCL claims would have to proceed in bilateral arbitration.  *See* 59 Cal.4th at 361, 391.

"[T]he task of an arbitrator is to interpret and enforce a contract, not to make public policy."  *Stolt-Nielsen*, 559 U.S. at 672.  The Arbitrator here did not exceed his powers by ruling that Garcia's UCL claims would have to be addressed through bilateral arbitration along with the rest of her claims against Wyndham.  *See Matthews*, 688 F.3d at 1116 ("For an award to be in manifest disregard of the law, the governing law alleged to have been ignored . . . must be well defined, explicit, and clearly applicable.") (internal quotation marks and alterations omitted).

**CONCLUSION**

Garcia's motion to vacate is DENIED.

**IT IS SO ORDERED**.

Dated: August 30, 2016

_____
WILLIAM H. ORRICK
United States District Judge

---

[6] This is the only argument Garcia addresses in her reply brief; she does not defend any of her other arguments in support of vacating the Clause Construction Award. *See* Reply at 1-6.